IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALLACCESS LAW GROUP
2096 Walsh Ave, Ste C1
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142
irakli@allaccesslawgroup.com

Attorneys for Plaintiff JAMES ALGER

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALGER,<br><br>           Plaintiff,<br><br>   v.<br><br>ISLAND HOSPITALITY<br>MANAGEMENT III, LLC,<br><br>        Defendant. | Case No. **'26 CV4269 AJB  JLB**<br><br>*Civil Rights*<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

JAMES ALGER ("Plaintiff") complains of ISLAND HOSPITALITY MANAGEMENT III, LLC ("Defendant") as follows:

## INTRODUCTION

1. This is a civil rights action concerning accessibility barriers at the Residence Inn by Marriott San Diego Downtown/Gaslamp Quarter, located at 356 Sixth Ave, San Diego, CA 92101 (the "Hotel").

2. Specifically, Plaintiff, a person with physical disabilities, encountered

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

1

accessibility barriers affecting his use of the Hotel's pool area, swimming pool, and business center. Plaintiff alleges that these barriers denied him the full and equal access required by Title III of the Americans with Disabilities Act of 1990 ("ADA") and related California civil rights laws. Plaintiff seeks injunctive and declaratory relief, damages available under California law, and reasonable attorney's fees, litigation expenses, and costs as authorized by law.

## JURISDICTION AND VENUE

3.     This Court has subject-matter jurisdiction of this action under 28 U.S.C. § 1331 for violations of the ADA, 42 U.S.C. §§ 12101 *et seq*. Under supplemental jurisdiction, attendant, and related causes of action, arising from the same facts, are also brought under California law, including, but not limited to, violations of the Unruh Civil Rights Act and the California Disabled Persons Act.

4.     This Court also has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, which includes the cost of injunctive relief sought, damages, and attorney's fees, exclusive of interest and costs, and the parties are citizens of different states.

5.     Venue is proper in this court under 28 U.S.C. § 1391(b) and is founded on the fact that the real property that is the subject of this action is in this District and that Plaintiff's causes of action arose in this District.

## PARTIES

6.     Plaintiff JAMES ALGER ("Plaintiff") is, and at all times relevant here was, a qualified individual with a physical disability. Plaintiff suffers from Charcot-Marie-Tooth disease ("CMT"), a disease of the peripheral nerves that control muscles that causes progressive loss of function and sensation in the hands, arms, legs, and feet. CMT is a form of inherited peripheral neuropathy. A work injury caused this disease to accelerate rapidly. As a result of these physical impairments, Plaintiff is substantially limited in major life activities including

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

2

walking and fine motor skills. Plaintiff relies on a wheelchair or a scooter for mobility and is able to drive a vehicle equipped with hand controls. To attempt to maintain functionality and get relief from the pain associated with his disability, Plaintiff routinely seeks the use of aquatic facilities. Because of his limited range of motion and a lack of strength and dexterity, Plaintiff requires assistance with activities of daily living such as dressing, grooming, loading his scooter in and out of his vehicle, etc. Plaintiff has a permanent disabled parking placard issued by the State of California and is a resident of Porter Ranch, California, and a citizen of California.

7. Defendant is and was the owner, operator, lessor, and/or lessee of the subject business, property, and buildings at all times relevant to this Complaint.

8. Based on publicly available information, Island Hospitality Management III LLC is duly formed under the laws of Delaware with its principal place of business in Florida.

9. Based on publicly available information, the sole member of Island Hospitality Management III LLC is Island Hospitality Joint Venture LLC. Island Hospitality Joint Venture LLC is duly formed under the laws of Delaware with its principal place of business at 222 Lakeview Avenue, Suite 200, West Palm Beach, Florida 33401.

10. Based on publicly available information, Island Hospitality Joint Venture LLC's sole members are Island JV Member Inc. and Jeffrey Fisher. Island JV Member Inc. is duly formed under the laws of Florida with its principal place of business at 222 Lakeview Avenue, Suite 200, West Palm Beach, Florida 33401. Jeffrey Fisher, a natural person, is a citizen of the State of Florida.

## FACTUAL ALLEGATIONS

11. The Hotel is a "public accommodation" and a "business establishment," subject to the requirements of 42 U.S.C. § 12181(7) and of

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

3

California Civil Code §§ 51 *et seq.*

12.    Based on the information and public records available, the subject premises were constructed around 2009, subjecting them to the "new construction" requirements under 42 U.S.C. § 12183(a)(1). Accordingly, the Hotel must be designed so that it is "readily accessible to and useable by individuals with disabilities." *Id.*

13.    Also, on information and belief, the Hotel has, since January 26, 1992, undergone alterations, structural repairs, and/or additions, subjecting the facility to disabled access requirements of 42 U.S.C. § 12183(a)(2).

14.    Plaintiff holds premium membership status in multiple hotel loyalty programs, including Marriott Bonvoy, in which he has maintained Platinum Elite status or higher for more than a decade. Plaintiff has also earned Lifetime status through the Marriott Bonvoy program. This status provides Plaintiff with numerous benefits when staying at Marriott-branded hotels, including late checkout, welcome gifts, room upgrades, a 50% bonus on points earned, lounge access, and other benefits.

15.    Plaintiff frequently stays at hotels for a variety of reasons. Regular aquatic exercise is important for Plaintiff's muscle maintenance and disability management, and hotels provide convenient facilities for such activities. Accordingly, the availability of an accessible pool and related facilities is an important consideration in Plaintiff's selection of a hotel because of their significance to his health, relaxation, and disability management.

16.    On June 13, 2026, Plaintiff stayed overnight at the Hotel, in significant part because of its proximity to the San Diego Zoo, where he is an annual member. During his stay, Plaintiff went to the pool area intending to use the pool. However, the pool lift lacked a battery and was therefore inoperable, preventing Plaintiff from using it. In addition, the gate providing access to the pool

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

4

area lacked a smooth surface at its lower portion to facilitate opening, and the gate closed too quickly, creating additional difficulty and frustration for Plaintiff.

17. During his stay, Plaintiff also attempted to use the computer in the Hotel's business center but found that the keyboard was positioned beyond his reach, preventing him from using the computer.

18. Although Plaintiff completed his stay at the Hotel, the accessibility barriers he encountered caused him frustration, embarrassment, and a sense of exclusion.

19. Plaintiff would like to stay at the Hotel again, including in connection with future visits to the San Diego area and the San Diego Zoo. He is presently deterred from returning because he reasonably expects that the accessibility barriers he encountered will interfere with his ability to use the Hotel's pool and other amenities unless those barriers are corrected.

20. Plaintiff personally encountered the accessibility barriers described above during his June 13, 2026 stay. Plaintiff alleges these barriers without prejudice to identifying additional accessibility conditions revealed through inspection by a qualified access consultant.

21. Plaintiff intends to return to the Hotel once the accessibility barriers he encountered are corrected and he can use the Hotel's facilities and amenities on equal terms.

**FIRST CLAIM:**

**VIOLATION OF THE ADA, TITLE III**

**[42 U.S.C. §§ 12101 et seq.]**

22. Plaintiff incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

23. Plaintiff is a qualified individual with a disability as defined by the ADA, as he has impairments that substantially limit one or more major life

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

5

activities.

24. Plaintiff reasonably believes that he will encounter the alleged accessibility barriers again if he returns to the Hotel before they are corrected.

25. The subject property and facility are among the "private entities," which are considered "public accommodations" for purposes of Title III of the ADA. 42 U.S.C. § 12181(7).

26. The acts and omissions of Defendant set forth here were in violation of Plaintiff's rights under the ADA and the regulations promulgated under it, 28 C.F.R. Part 36, *et seq.*

27. Plaintiff alleges on information and belief that the Hotel was designed and constructed (or both) after January 26, 1993, thus independently triggering access requirements under Title III of the ADA.

28. Here, Defendant violated the ADA by designing or constructing (or both) the Hotel in a manner that did not comply with federal and state disability access standards even though it was practicable to do so.

29. Defendant has also discriminated against Plaintiff in violation of Title III of the ADA by: (a) providing benefits that are unequal to those afforded to people without disabilities; and by (b) failing to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford (and would not fundamentally alter the nature of) the goods, services, facilities, privileges, advantages, or accommodations of the Hotel to individuals with disabilities.

30. On information and belief, the barriers Plaintiff encountered remained present as of the filing of this Complaint. Those conditions interfere with Plaintiff's ability to fully and equally use the Hotel's facilities and amenities because of his disability.

31. Under the ADA, 42 U.S.C. § 12188 *et seq.,* Plaintiff is entitled to the

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

6

remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. § 2000a-3(a), as he is being subjected to discrimination based on disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination.

WHEREFORE, Plaintiff requests relief as outlined below.

## SECOND CLAIM:

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

## [Cal. Civil Code §§ 51 et seq.]

32.   Plaintiff incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

33.   Defendant is the owner and/or operator of a business establishment.

34.   Defendant violated the Unruh Act by its acts and omissions:

a.  Failure to construct or alter the Hotel in compliance with state building code and state architectural requirements;

b.  Failure to remove known barriers to access at the Hotel;

c.  Failure to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services of the Hotel; and

d.  Violation of the ADA, a violation of which is a violation of the Unruh Act. Cal. Civil Code § 51(f).

35.   Plaintiff has experienced barriers to access at the Hotel, all of which have caused him difficulty, discomfort, and/or embarrassment.

36.   On information and belief, the Hotel is also illegally inaccessible in multiple other respects. As noted above, the barriers to access alleged in this Complaint are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant(s)/expert(s).

37.   These barriers to access render the Hotel inaccessible to persons with

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

7

mobility disabilities. The facilities must be brought into compliance with all applicable federal and state code requirements, according to proof. Plaintiff prays for leave to amend this Complaint, if necessary, to obtain full injunctive relief as to barriers that limit or deny full and equal access to persons with similar mobility disabilities.

38.    Each violation of the ADA constitutes a separate violation of California Civil Code § 51(f), thus independently justifying an award of damages and injunctive relief under California law, including, but not limited to, Civil Code § 52(a).

39.    As for Defendant's violations of the Unruh Act that are not predicated on violations of the ADA, Defendant's behavior was intentional: it was aware of or was made aware of its duties to remove barriers that prevent persons with mobility disabilities like Plaintiff from obtaining full and equal access to the Hotel. Defendant's discriminatory practices and policies that deny full enjoyment of the Hotel to persons with physical disabilities reveal actual and implied malice and conscious disregard for the rights of Plaintiff and other similarly disabled individuals. Defendant has thus engaged in willful affirmative misconduct in violating the Unruh Act.

40.    On information and belief, the access features of the Hotel have not been improved since Plaintiff's visit there. Plaintiff's injuries are ongoing so long as Defendant does not modify its policies and procedures and provide fully accessible facilities for Plaintiff and other persons with similar mobility disabilities.

41.    At all relevant times, Defendant knew, or in the exercise of reasonable diligence should have known, that its barriers, policies, and practices at its hotel violated disabled access requirements and standards and had a discriminatory impact upon Plaintiff and upon other persons with similar mobility disabilities, but

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

8

Defendant failed to correct the alleged violations and continues to maintain barriers that interfere with Plaintiff's access to the Hotel.

WHEREFORE, Plaintiff requests relief as outlined below.

**THIRD CLAIM:**

**VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT**

**[Cal. Civil Code §§ 54 *et seq.*]**

42.    Plaintiff incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

43.    The Hotel is a place of public accommodation and/or a place to which the public is invited and, as such, it must comply with the provisions of the California Disabled Persons Act ("CDPA"), California Civil Code § 54 *et seq.*

44.    The CDPA guarantees, among other things, that persons with disabilities have the same right as the public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, and other public places. California Civil Code § 54.

45.    The CDPA also guarantees, among other things, that persons with disabilities have a right to full and equal access, as other members of the public, to accommodations, facilities, and privileges of covered entities. California Civil Code § 54.1(a)(1).

46.    A violation of Title 24 of the California Code of Regulations ("CBC") is a violation of the CDPA.

47.    The CDPA also provides that a violation of the ADA is a per se violation of the CDPA, California Civil Code § 54.1(d).

48.    Defendant has violated the CDPA by, among other things, denying and/or interfering with Plaintiff's right to full and equal access to the accommodations, advantages, and related facilities available to other members of the public because of his disability, including, but not limited to, failing to

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

9

construct and/or alter the subject premises in compliance with the CBC, the ADA, and the regulations promulgated thereunder.

WHEREFORE, Plaintiff requests relief as outlined below.

## PRAYER FOR RELIEF:

1.    Plaintiff has no adequate remedy at law to redress the wrongs suffered as alleged in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury because of the unlawful acts, omissions, policies, and practices of Defendant as alleged herein, unless Plaintiff is granted the relief he requests. Plaintiff and Defendant have an actual controversy and opposing legal positions as to Defendant's violations of the laws of the United States and the State of California.

2.    Plaintiff requests a declaratory judgment that Defendant's actions, omissions, and failures violated the Americans with Disabilities Act.

3.    Plaintiff requests that the Court issue an order enjoining Defendant, its agents, officials, employees, and all persons and entities acting in concert with them:[1]

   a.  From continuing the unlawful acts, conditions, and practices alleged in this Complaint;

   b.   To provide reasonable accommodations for persons with disabilities;

   c.  To ensure that persons with disabilities are not denied the benefits offered at the Hotel;

   d.  To modify the above-described hotel to provide full and equal access to persons with mobility disabilities;

   e.  To *maintain* such accessible facilities once they are provided;

   f.   To train Defendant's employees and agents in how to accommodate

---

[1] Plaintiff does not seek injunctive relief or any other relief under Cal. Civil Code section 55.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

10

the rights and needs of physically disabled persons at the Hotel; and

g. To implement nondiscriminatory protocols, policies, and practices for accommodating persons with mobility disabilities at the Hotel.

4. Plaintiff requests that the Court retain jurisdiction over Defendant until the Court is satisfied that Defendant's unlawful policies, practices, acts and omissions, as complained of herein no longer occur, and cannot recur;

5. Plaintiff requests all appropriate damages, including, but not limited to, statutory, compensatory, and treble damages in an amount within the jurisdiction of the Court, all according to proof;

6. Plaintiff requests all reasonable statutory attorney's fees, litigation expenses, and costs of this proceeding as provided by law;

7. Plaintiff requests prejudgment interest under California Civil Code § 3291;

8. Plaintiff requests interest on monetary awards as permitted by law; and

9. Plaintiff requests any other relief that this Court may deem just and proper.

Date: July 25, 2026                              ALLACCESS LAW GROUP


                                                   /s/ Irakli Karbelashvili
                                                 By IRAKLI KARBELASHVILI, Esq.
                                                 Attorney for Plaintiff
                                                 JAMES ALGER

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

11

## JURY DEMAND

Plaintiff demands a trial by jury for all claims for which a jury is permitted.

Date: July 25, 2026                                          ALLACCESS LAW GROUP


                                                          /s/ Irakli Karbelashvili
                                                        By IRAKLI KARBELASHVILI, Esq.
                                                        Attorney for Plaintiff
                                                        JAMES ALGER

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

12